IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KENDRICK CONNER                                                    PETITIONER

v.                                                        No. 1:11CV91-SA-SAA

JACQUELYN BANKS, ET AL.                                          RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Kendrick Conner for a writ of *habeas corpus* under 28 U.S.C. § 2254.  The State has responded to the petition, and the matter is ripe for resolution.  For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### Facts and Procedural Posture

Kendrick Conner is in the custody of the Mississippi Department of Corrections and is currently housed at the South Mississippi Correctional Institution.  He was convicted in Lowndes County Circuit Court for two counts of armed robbery.  Conner was sentenced on each count as a habitual offender to serve concurrent terms of thirty-five years in the custody of the Mississippi Department of Corrections without the possibility of parole.  *See* State Court Record (S.C.R.) Vol. 1, pp. 110-113.

Conner, through new counsel, appealed his convictions and sentences to the Mississippi Supreme Court, raising the following issues for the court's review (as stated by appellate counsel[1]):

   A.     The trial counsel's representation amounted to ineffective assistance:  Counsel
          erred by introducing the photographic lineup into evidence.

   B.     The evidence was insufficient to support the verdict.
   C.     The verdict was against the overwhelming weight of the evidence.

   _____

   [1]The court has summarized Conner's claim of ineffective assistance of counsel in Issue A.

On June 16, 2009, the Mississippi Court of Appeals affirmed Conner's convictions and sentences. *See Conner v. State,* 26 So. 3d 383, *reh'g denied,* November 3, 2009 (Miss. Ct. App. 2009), *cert. denied,* January 28, 2010 (Cause No. 2008-KA-00293-COA).

Conner then filed a *pro se* "Application for Leave to File Motion for Post-Conviction Collateral Relief" along with his "Purposed [sic] Motion for Post-Conviction Collateral Relief" in the Mississippi Supreme Court on November 22, 2010. In the application, Conner set forth the following grounds for relief in the "Concise Statements of the Claim and Grounds Upon Which this Motion is Based" of the motion (as stated by petitioner *pro se*):

A. Kendrick Conner's sentence is illegal and in violation of the 5th and 14th Amendment to the United States Constitution and Article 3, § 14 and § 26, of the Constitution of the State of Mississippi. Post Conviction Relief should be granted from such an illegal sentence which was imposed upon an invalid indictment by reason of its failure to comply with law and set out the specifically required information on date of judgment in previous convictions and where sentencing order rendered by court do not contain the date of sentencing or specifically set out the requirement that Conner had been sentenced to one year or more in each prior conviction.

B. Conner was subjected to ineffective assistance of counsel at trial and on direct appeal where counsel failed to raise the issue of the Motion to Amend indictment being faulty and failed to provide the specific dates in accord with the requirements of Rule 11.03(1) and where counsel failed to argue on direct appeal that Conner was subjected to double jeopardy by the state having charged Conner for the same offense in two different counts when there was only one business, one date, and one time of such offense specified.

C. Conner was subjected to ineffective assistance of counsel where counsel failed to direct to the amendment of the indictment on the basis that the trial court waited to long to determine the motion and that the motion was made on the basis of retaliation against Conner where Conner refused to plead guilty.

D.      Kendrick Conner has been subjected to a violation of due process of law and the equal protection clause in violation of the 5th and 14th Amendments to the United States Constitution and denied effective assistance of attorney as the law afford him under the 6th Amendment of the United States Constitution and the Mississippi Constitution.

E.      Kendrick Conner was denied due process of law where his attorneys failed to procure the jury instructions that could have allowed the jury to decide on the lesser charges of simple robbery.  In the case at hand, a stronger argument for simple robbery might have prevailed under the circumstances where there was a minimum proof that a deadly weapon was actually displayed during the alleged crime.

F.      Petitioner Conner has been denied due process of law where his attorneys failed to present his case in such a light as to convince the jury that a verdict of armed robbery was against the overwhelming weight of the evidence.

G.      The cumulative effect of the denial of due process and effective assistance of attorney during trial deprived petitioner a fair trial, in violation of the 5th, 6th and 14th Amendments to the United States Constitution.

H.      Petitioner, who was on trial for armed robbery under Miss. Code Ann. § 97-3-79 and was afforded ineffective assistance of counsel where the indictment failed to quote the appropriate language of the statute and to place Conner on notice of what he was actually charged with. Such failure constitutes that the indictment failed to provide Conner with adequate notice by presenting the correct language of the statute in which the State would proceed under. Such failure was factual to the charge. Conner was denied his constitutional right to a fair trial. The attorney representing petitioner at trial and the appellate counsel on direct appeal was the same. During trial and on direct appeal, petitioner was deprived of his constitutional right to effective assistance of counsel as guaranteed by the 6th Amendment to the United States Constitution.

I.      Petitioner Kendrick Conner was afforded ineffective assistance of counsel by the attorney who represented him at trial where counsel failed to adequately challenge the state's evidence and failed to properly investigate the factual events. Witnesses should have been called which could have provided personal testimony that Conner did not commit the crimes and that Conner's alibi was solid.

J.      Petitioner Kendrick Conner was provided with ineffective assistance
        of counsel where counsel failed to pursue a aiding and abetting
        instruction, as an independent issue, at trial and on direct appeal.
        Conner was not guilty of armed robbery. Aiding and abetting should
        have been sought and Conner should not have been found guilty of
        any charge greater than that of aiding and abetting or simple robbery.

K.      Petitioner Kendrick Conner was afforded ineffective assistance of
        counsel where defense counsel failed impeach the rebuttal testimony
        of Melissa Herrion and Stacie Schaffer by showing that Herrion and
        Schaffer did, in fact, have a criminal record, and that Herrion and
        Schaffer knew petitioner through other people while petitioner did not
        personally know them.  Additionally, Herrion could have been
        impeached on the basis that she was a former drug user.

L.      The sentence of 35 years without parole is illegal where the jury did
        not reach a finding of life without parole and where the court, without
        a recommendation and finding of life without parole from the jury,
        was required to sentence petitioner to a sentence less than his life
        expectancy. The Court demonstrated, by its own words, that Conner
        would not get out of prison to pay any fine and by that admission the
        Court knowingly imposed a life sentence.

M.      Petitioner has been denied due process of law and subjected to plain
        error where petitioner was denied a fast and speedy trial in violation of
        the 5th, 6th and 14th Amendments to the United States Constitution. As
        such, the conviction and sentence should be vacated and set aside with
        prejudice.

N.      Petitioner Kendrick Conner was subjected to double jeopardy where
        he was indicted, prosecuted, and found guilty of multiple offenses
        which allegedly occurred at the same time and which required the
        same evidence.  Such convictions violated the Supreme Court mandate
        under Blockburger.

O.      Petitioner has been denied due process of law where his attorney failed
        to present his case in such a light as to convince the jury that a verdict
        of armed robbery was against the overwhelming weight of the
        evidence and that the witness identified Conner because they were
        coached by the police and the prosecutor.

P.      The indictment charging armed robbery is illegal on each count where
        the indictment failed to meet the requirements of law in setting forth
        the statutory elements and in failing to set forth the elements which the

law requires to prove armed robbery.

Q.    Kendrick Conner has been subjected to a violation of the 6th
      Amendment to the United States Constitution where Conner was
      denied his effective assistance of counsel at trial as his attorney failed
      to properly defend Conner at trial and failed to adequately prepare for
      the trial by interviewing witnesses for the defense and performing an
      investigation before the trial. Conner's attorney failed to afford him the
      required adequate representation mandated under the 6th Amendment
      to the United States Constitution and the Mississippi Constitution.

R.    Kendrick Conner was denied due process of law where his attorneys
      failed to procure the jury instructions that would have allowed the jury
      to decide on the lesser charge of simple robbery.

S.    The prosecution conducted improper opening and closing arguments
      in the trial of this case and that counsel failed to make the proper
      objections to such constitutional violation.

T.    The cumulative effect of the denial of due process and effective
      assistance of attorney during trial deprived petitioner of a fair trial, in
      violation of the 5th, 6th, and 14th Amendments to the United States
      Constitution.

On January 13, 2011, the Mississippi Supreme Court denied the application, holding:

After due consideration, the panel finds that Conner's claim of ineffective assistance of
counsel fails to pass the standard set forth in *Strickland v. Washington*, 466 U.S. 688,
687 (1984). The panel further finds no merit to Conner's remaining claims that his
indictment is faulty and his sentence illegal. Accordingly, the application for leave
should be denied.

*See* (Cause No. 2010-M-01911).

In the instant federal petition for a writ of *habeas corpus*, Conner raises the same claims set

forth in his state court post-conviction (as stated by petitioner)[2]:

**Ground One**: Kendrick Conner's sentence is illegal and in violation of the 5th and 14th
Amendment to the United States Constitution and Article 3, § 14 and § 26, of the

_____

[2] Conner did not allege a "Ground Thirteen" in the instant petition; as such, there are only
twenty grounds presented to the court.  To avoid confusion regarding which issue is being discussed,
the court has numbered the claims as Conner did, leaving out Ground Thirteen.

Constitution of the State of Mississippi. Post Conviction Relief should be granted from such an illegal sentence which was imposed upon an invalid indictment by reason of its failure to comply with law and set out the specifically required information on date of judgment in previous convictions and where sentencing order rendered by court do not contain the date of sentencing or specifically set out the requirement that Conner had been sentenced to one year or more in each prior conviction.

**Ground Two**: Conner was subjected to ineffective assistance of counsel at trial and on direct appeal where counsel failed to raise the issue of the Motion to Amend indictment being faulty and failed to provide the specific dates in accord with the requirements of Rule 11.03(1) and where counsel failed to argue on direct appeal that Conner was subjected to double jeopardy by the state having charged Conner for the same offense in two different counts when there was only one business, one date, and one time of such offense specified.

**Ground Three**: Conner was subjected to ineffective assistance of counsel where counsel failed to direct to the amendment of the indictment on the basis that the trial court waited too long to determine the motion and that the motion was made on the basis of retaliation against Conner where Conner refused to plead guilty.

**Ground Four**: Kendrick Conner has been subjected to a violation of due process of law and the equal protection clause in violation of the 5th and 14th Amendments to the United States Constitution and denied effective assistance of attorney as the law afford him under the 6th Amendment of the United States Constitution and the Mississippi Constitution.

**Ground Five**: Kendrick Conner was denied due process of law where his attorneys failed to procure the jury instructions that could have allowed the jury to decide on the lesser charges of simple robbery. In the case at hand, a stronger argument for simple robbery might have prevailed under the circumstances where there was a minimum proof that a deadly weapon was actually displayed during the alleged crime.

**Ground Six**: Petitioner Conner has been denied due process of law where his attorneys failed to present his case in such a light as to convince the jury that a verdict of armed robbery was against the overwhelming weight of the evidence.

**Ground Seven**: The cumulative effect of the denial of due process and effective assistance of attorney during trial deprived petitioner a fair trial, in violation of the 5th, 6th and 14th Amendments to the United States Constitution.

**Ground Eight**: Petitioner, who was on trial for armed robbery under Miss. Code Ann. § 97-3-79 and was afforded ineffective assistance of counsel where the indictment failed to quote the appropriate language of the statute and to place Conner on notice of

what he was actually charged with. Such failure constitutes that the indictment failed to provide Conner with adequate notice by presenting the correct language of the statute in which the State would proceed under. Such failure was factual to the charge. Conner was denied his constitutional right to a fair trial. The attorney representing petitioner at trial and the appellate counsel on direct appeal was the same. During trial and on direct appeal, petitioner was deprived of his constitutional right to effective assistance of counsel as guaranteed by the 6th Amendment to the United States Constitution.

**Ground Nine**: Petitioner Kendrick Conner was afforded ineffective assistance of counsel by the attorney who represented him at trial where counsel failed to adequately challenge the state's evidence and failed to properly investigate the factual events. Witnesses should have been called which could have provided personal testimony that Conner did not commit the crimes and that Conner's alibi was solid.

**Ground Ten**: Petitioner Kendrick Conner was provided with ineffective assistance of counsel where counsel failed to pursue a aiding and abetting instruction, as an independent issue, at trial and on direct appeal. Conner was not guilty of armed robbery. Aiding and abetting should have been sought and Conner should not have been found guilty of any charge greater than that of aiding and abetting or simple robbery.

**Ground Eleven**: Petitioner Kendrick Conner was afforded ineffective assistance of counsel where defense counsel failed impeach the rebuttal testimony of Melissa Herrion and Stacie Schaffer by showing that Herrion and Schaffer did, in fact, have a criminal record, and that Herrion and Schaffer knew petitioner through other people while petitioner did not personally know them. Additionally, Herrion could have been impeached on the basis that she was a former drug user.

**Ground Twelve**: The sentence of 35 years without parole is illegal where the jury did not reach a finding of life without parole and where the court, without a recommendation and finding of life without parole from the jury, was required to sentence petitioner to a sentence less than his life expectancy. The Court demonstrated, by its own words, that Conner would not get out of prison to pay any fine and by that admission the Court knowingly imposed a life sentence.

[There is no Ground Thirteen]

**Ground Fourteen**: Petitioner has been denied due process of law and subjected to plain error where petitioner was denied a fast and speedy trial in violation of the 5th, 6th and 14th Amendments to the United States Constitution. As such, the conviction and sentence should be vacated and set aside with prejudice.

**Ground Fifteen**: Petitioner Kendrick Conner was subjected to double jeopardy where he was indicted, prosecuted, and found guilty of multiple offenses which allegedly occurred at the same time and which required the same evidence. Such convictions violated the Supreme Court mandate under Blockburger.

**Ground Sixteen**: Petitioner has been denied due process of law where his attorney failed to present his case in such a light as to convince the jury that a verdict of armed robbery was against the overwhelming weight of the evidence and that the witness identified Conner because they were coached by the police and the prosecutor.

**Ground Seventeen**: The indictment charging armed robbery is illegal on each count where the indictment failed to meet the requirements of law in setting forth the statutory elements and in failing to set forth the elements which the law requires to prove armed robbery.

**Ground Eighteen**: Kendrick Conner has been subjected to a violation of the 6th Amendment to the United States Constitution where Conner was denied his effective assistance of counsel at trial as his attorney failed to properly defend Conner at trial and failed to adequately prepare for the trial by interviewing witnesses for the defense and performing an investigation before the trial. Conner's attorney failed to afford him the required adequate representation mandated under the 6th Amendment to the United States Constitution and the Mississippi Constitution.

**Ground Nineteen**: Kendrick Conner was denied due process of law where his attorneys failed to procure the jury instructions that would have allowed the jury to decide on the lesser charge of simple robbery.

**Ground Twenty**: The prosecution conducted improper opening and closing arguments in the trial of this case and that counsel failed to make the proper objections to such constitutional violation.

**Ground Twenty-One**: The cumulative effect of the denial of due process and effective assistance of attorney during trial deprived petitioner of a fair trial, in violation of the 5th, 6th, and 14th Amendments to the United States Constitution.

Conner has exhausted his state court remedies as to all of the issues raised in the instant petition, and return to state court on these issues would be futile.

### All Grounds Were Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered all grounds of the instant petition for a writ of *habeas corpus* on the merits and decided those issues against the petitioner. As

such, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective

Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be

*objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to any grounds of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if the facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Grounds 1, 2, 3, 8, and 17: Validity of the Indictment

In Grounds 1, 2, 3, 8, and 17, Conner challenges the validity of his indictment. He claims that he was not properly indicted as a habitual offender under Miss. Code Ann. § 99-19-81. The State moved to amend the indictment to include the habitual offender charge (S.C.R. Vol. 1, pp. 55-57), and the trial court granted that motion (S.C.R. Vol. 1, pp. 106-107). Under § 99-19-81, if a person who has been convicted of two prior felonies, neither of which is a violent crime, is convicted of another felony, then he must serve the maximum sentence for that crime, and the sentence "shall not be reduced or suspended nor shall such person be eligible for parole or probation." Conner alleges that the trial court did not specify when he was convicted of the previous crimes – or the length of the sentence for each crime. He also argues that the 35-year sentence the trial court

imposed was a *de facto* life sentence. These allegations are directly refuted by evidence contained in the record.

The trial court granted the State's motion to amend the indictment, adding language that Conner had previously been convicted: (1) "in the Circuit Court of Lowndes County, Mississippi in cause number 99-205-CR1 for the crime of shoplifting, a felony, and sentenced on September 6, 2002, to serve a term of years in the Mississippi Department of Corrections"; (2) "in the Circuit Court of Lowndes County, Mississippi in cause number 98-699-CR1 for the crime of Shoplifting, a felony, and sentenced on August 19, 1999 to serve a term of years in the Mississippi Department of Corrections"; (3) "in the Circuit Court of Lowndes County, Mississippi in cause number 95-235-CR1 for the crime of Embezzlement, a felony, and sentenced on August 23, 1995 to serve a term of years in the Mississippi Department of Corrections"; and (4) "in the Circuit Court of Lowndes County, Mississippi in cause number 11, 337 for the crime of Grand Larceny, a felony, and sentenced on February 14, 1990 to serve a term of years in the Mississippi Department of Corrections." S.C.R. Vol. 1, pp. 106-107. Though the language in the indictment did not specify the number of years for each conviction, use of the plural "years" makes clear that each sentence exceeded a year's incarceration. Conner has not argued that he was sentenced to less than one year for any of the four convictions in question. In addition, Conner can hardly argue that he was unaware that he had previously been convicted. Clearly, the dates and charges for each conviction put him on notice that the State planned to use them to enhance his sentence.

After Conner's conviction, the trial court conducted a separate sentencing hearing, in compliance with state law, to allow Conner to present evidence mitigating against imposition of the maximum sentence. At this hearing, the State introduced proof of the *four* prior convictions through

Conner's Mississippi Department of Corrections "pen packs" detailing the crimes listed in the amended indictment, including the dates of conviction and the sentences imposed, all of which included more than one year's incarceration. S.C.R. Vol. 3, pp. 261-265. In addition, the trial judge reviewed a report from a presentence investigation on Conner's current charges. The trial court took judicial notice of the documents and papers in the court file, including Conner's date of birth and social security number. *Id.* at p. 266. Conner's father testified at the sentencing hearing, seeking leniency for his son. *Id.* at pp. 268-282. In addition, trial counsel argued on Conner's behalf regarding the prior convictions. *Id.* at pp. 282-283. Then, prior to imposing the sentence, the trial court made findings on the record with regard to Conner's prior convictions, referring to the information in the "pen pack," which included the date and the length of the sentence imposed for each conviction. S.C.R. Vol. 3, pp. 283-286. Each of the four sentences exceeded one year, as required to invoke § 99-19-81. The trial court concluded "beyond a reasonable doubt that [Conner] has four separate felony convictions, that were separately brought pursuant to 99-19-81," and found that Conner was, in fact, a habitual offender. *Id.* In relating the rationale for imposing the maximum sentence, the trial judge added:

> I've also heard evidence about his misdemeanor convictions, and there are – there are a lot. Each one of his felony shopliftings were shopliftings by occurrence, so it meant that he had three shopliftings on each of those before it became a felony, or the third one was a felony.
>
> I know – I expect I know to some extent the way he was raised. His dad was in the Army, and seems to be fairly no-nonsense. Ms. Jourdan, you've talked about your dad was in the military, and ya'll know my dad was in the military. So I know how Ms. Jourdan was raised, I expect, and I know how I was raised.
>
> There comes a point even in the Army when the military says nothing we can do with you. I know he's had a drug problem. He's had it at least since 1990, because that's – that's in his first pen pack, that he was supposed to get drug and alcohol counseling. It

was in his second pen pack. I think it's been in every one of them. That's a crutch you can only use so long.

I have to decide what to do with you, and there's nothing in Mr. Conner's history that's told me he's ever going to change.

He has a history of getting right back into trouble as soon as he gets out, and he's got, from the looks of things, a fairly extensive youth court record, too – that's in his pen pack – for stealing.

I think Mr. Conner is a perfect example of what drugs can do for you or do to you, and I don't see very much in Mr. Conner that leads me to think he's ever going to be a productive member of this community.  Ever.

S.C.R. Vol. 3, pp. 285-286.

The trial court then sentenced Conner to thirty-five years without the possibility of probation or parole on each count, to run concurrently.  S.C.R., Vol. 3, p. 286.  The trial court stated on the record that it had considered the actuarial tables regarding Conner's life expectancy and that the sentence imposed was "something just short of his life expectancy." *Id.* at p. 287.   The sentencing Order reflects that "a hearing was held in accordance with Rule 11.03 of the Uniform Circuit and County Court Rules of the State of Mississippi" with regard to Conner's status as a habitual offender and the Court found "beyond a reasonable doubt that the Defendant is, in fact, a Habitual Offender within the meaning of § 99-19-81, MCA, 1972." S.C.R. Vol. 1, pp. 112-113.  By any rational measure, Conner had adequate notice and a meaningful opportunity to be heard on the issue, which is all that Due Process requires.  *Fuentes v. Shevin*, 407 U.S. 67 (1972).

The record is replete with evidence showing that Conner's criminal history easily met the requirements of § 99-19-81.  In addition, the trial court referred to the actuarial tables and determined that the sentence imposed was less than Conner's life expectancy.  As such, both the trial and appellate

courts were reasonable in denying relief based upon these claims, which will be dismissed for want of substantive merit.

### Grounds 4, 6, 9, 11, 18, and 20: Conclusory Allegations

In Grounds 4, 6, 9, 11, 18, and 20, Conner makes conclusory allegations without any facts to support them. In Ground 4, Conner simply alleges that counsel was ineffective, but does not explain how. In Ground 6, Conner alleges that counsel was ineffective for failing to convince the jury that the evidence at trial was insufficient to support the verdict, but Conner does not describe the evidence or explain how it might be insufficient. In Grounds 9 and 18, Conner alleges that counsel was ineffective in failing to investigate the case or call witnesses, but Conner does not describe the investigation conducted, explain how the investigation was deficient, identify witnesses that should have been called, or summarize the testimony such witnesses might have given. In Ground 11, Conner alleges that trial counsel was ineffective for failing to impeach the rebuttal testimony of the victims, Melissa Herrion and Stacie Schaffer. Conner alleges that both women had a criminal record and both knew him "through other people while petitioner did not personally know them." In addition, Conner argues that Herrion "could have been impeached on the basis that she was a former drug user." Once again, Conner's allegations regarding impeachment of the victims' testimony are simply conclusory allegations – and contradicted by Conner's own testimony at trial. Indeed, Conner himself testified that neither of the victims knew him. S.C.R. Vol. 3, p. 203. In Ground 20, Conner alleges that counsel was ineffective for failing to object to improper opening statements and closing argument. Again, however, Conner has not identified the parts of the statements and argument which he believes were improper. These allegations are no more than bare assertions, which are not valid claims in a federal *habeas corpus* proceeding. *Mallard v. Cain*, 515 F.3d 379 (5th Cir. 2008). For

these reasons, Conner's claims in Grounds 4, 6, 9, 11, 18, and 20 will be dismissed as conclusory.

## Grounds 2, 3, 4, 5, 6, 8, 9, 10, 11, 16, 18, and 19:
## Ineffective Assistance of Counsel

Most of Conner's claims center around his belief that defense counsel provided ineffective assistance, a claim the court must review under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove that defense counsel was ineffective, the petitioner must show that counsel's performance was deficient and that the deficiency resulted in prejudice to her defense. Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

Of the grounds for relief listed in the heading to this section, many must be dismissed for the reasons discussed in the earlier sections. In Grounds 2, 3, and 8 Conner claims that counsel was ineffective in failing to challenge the validity of the indictment. However, as discussed above, the indictment was proper. As such, counsel rendered effective assistance regarding the decision not to challenge it. In addition, Grounds 4, 6, 9, 11, 18, and part of Ground 20 are

conclusory in nature and thus cannot form the basis of a valid *habeas corpus* claim.  As such, the court will discuss the issues in Grounds 2, 3, 4, 6, 8, 9, 11, 18, and part of Ground 20 no further.  The court, in the following discussion, will address only Conner's ineffective assistance of counsel claim as to Grounds 5, 10, 16, and 19 – which allege specific facts in the allegations and do not involve the validity of the indictment.

### Grounds 5 and 19:  Failure to Procure a Simple Robbery Jury Instruction

In Grounds 5 and 19, Conner alleges that his attorney failed to procure a jury instruction on simple robbery, a lesser included offense of armed robbery.  However, the evidence presented at trial showed that during the robbery the suspect brandished a firearm, took money from two women, and put them in fear of their lives.  Conner's defense was that of mistaken identity.  The record reflects that both victims, who positively identified Conner in separate photographic lineups, as well as in court, testified that Conner exhibited a gun during the robbery.  S.C.R. Vol. 2, p. 126; Vol. 3, p. 151.  Further, both victims testified that Conner's actions placed them in fear.  (S.C.R. Vol. 2, p. 131; Vol. 3, p. 155), and that as a result they gave Conner money from their respective cash registers.  S.C.R. Vol. 2, pp 125, 127, 131; Vol. 3, pp. 151-152, 155.  There was simply no factual basis in the record to support a charge of simple robbery – a robbery accomplished without use of a deadly weapon.  Thus, a simple robbery instruction was not warranted.  *See Harrington v. State,* 859 So. 2d 1054, 1057 (Miss. 2003).  Without evidence to support the instruction, trial counsel rendered effective assistance by choosing not to request one.  *See, e.g., Clark v. Collins,* 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.")  Thus, the state appellate court's decision on this issue was reasonable in fact and in law, and Conner's claims in Grounds 5 and 19 regarding failure to procure a simple robbery jury instruction will be denied.

**Ground 10:  Failure to Seek an Instruction on Aiding and Abetting**

Conner argues in Ground 10 that trial counsel failed to pursue instruction on "aiding and abetting," then appellate counsel failed to raise the matter on direct appeal.  Under state law, aiding and abetting is defined as "the offense committed by those persons who, although not the direct perpetrators of a crime, are yet present at its commission, doing some act to render aid to the actual perpetrator." *King v. State,* 47 So. 3d 658, 663 (Miss. 2010) (citation omitted).  The penalty for aiding and abetting a crime is the same as the penalty the principal perpetrator faces.  *Id., see also* Miss. Code Ann. § 97-1-3 (Rev. 2006).  In the instant case, there was no evidence presented that Conner was aiding anyone.  As set forth above, the evidence presented at trial by the State established that the perpetrator was the only one at the scene, and the defense theory of the case was misidentification of Conner as the perpetrator.  Therefore, there was no evidentiary basis on which counsel could have requested such an instruction.  In addition, even if more than one person had been involved in the crime, an aiding and abetting instruction would not have reduced the penalty for the crime, but would have provided the State with another means to secure Conner's conviction.  Thus, and aiding and abetting instruction would have been to Conner's detriment.  Counsel cannot be deemed ineffective for failing to submit an instruction which was not warranted under the evidence – or for deciding so seek an instruction that would be against his client's interests.  As such, Conner has established neither deficiency nor prejudice in trial counsel's actions with regard to his claim in Ground 10.  Thus, by extension, appellate counsel provided effective assistance in deciding not to raise the matter on appeal.  *See Mayabb v. Johnson,* 168 F. 3d 863, 869 (5th Cir. 1999); *Ricalday v. Procunier,* 736 F.2d 203, 208 (5th Cir. 1984) ("Because the [alleged] error at the appellate stage stemmed from the error at trial, if there was no prejudice from the trial error, there was also no prejudice from the appellate error.")

Therefore, the state appellate court's decision on this ground for relief was reasonable in law and fact, and Conner's request for relief in Ground 10 will be denied.

**Ground 16: Failure to Convince the Jury that
the Evidence Was Insufficient to Support the Verdict**

Conner's allegations in Ground 16 – that the evidence presented was insufficient to support the verdict – is simply contradicted by the record. Both victims positively identified Conner in separate photographic lineups, as well as in court. Both testified that Conner brandished a gun during the robbery. S.C.R. Vol. 2, p. 126; Vol. 3, p. 151. Both victims testified that Conner's actions placed them in fear, (S.C.R. Vol. 2, p. 131; Vol. 3, p. 155), and that, as a result, they gave Conner money from their respective cash registers. S.C.R. Vol. 2, pp 125, 127, 131; Vol. 3, pp. 151-152, 155. This evidence, viewed in a light most favorable to the prosecution, established all the elements of armed robbery. As an objection on this basis would have been frivolous in light of the evidence presented, Conner's counsel rendered effective assistance in deciding not to interpose one. Likewise, the state appellate court's ruling on this issue was not contrary to federal law as established by the United States Supreme Court; nor did the decision reflect an unreasonable interpretation of the facts in light of the evidence presented. Ground 16 will therefore be denied.

**Ground 12: The Trial Court Illegally Imposed a *De Facto* Life Sentence**

In Ground Twelve, Conner argues that the 35-year sentence was illegal because it amounts to a life sentence. He argues that the jury did not reach a finding that he should be sentenced to life without parole – and that the trial judge did not sentence him to a sentence of less than his life expectancy as required by law. S.C.R., Vol. 3, p. 286. The record contradicts Conner's assertions. In imposing the 35-year sentence, the trial judge stated on the record that he had considered the actuarial tables regarding Conner's life expectancy and that the sentence imposed was "something just short of

his life expectancy." *Id.* at p. 287. The sentencing Order reflects that "a hearing was held in accordance with Rule 11.03 of the Uniform Circuit and County Court Rules of the State of Mississippi" with regard to Conner's status as a habitual offender and the Court found "beyond a reasonable doubt that the Defendant is, in fact, a Habitual Offender within the meaning of § 99-19-81, MCA, 1972." S.C.R. Vol. 1, pp. 112-113. Given the trial court's reference to the actuarial tables, as well as the findings of fact in the record, it is clear that the court imposed a sentence according to § 99-19-81 – and that the sentence was less than Conner's anticipated lifespan. As such, the state appellate court's rejection of this claim is reasonable in fact and in law, and Conner's claims in Ground 12 of the instant petition for a writ of *habeas corpus* will be denied.

## Ground 14: Failure to Provide Conner with a Speedy Trial

Conner argues in Ground Fourteen that he was denied a fast and speedy trial under the 5th, 6th and 14th Amendments to the United States Constitution. The court must analyze allegations of the right to a speedy trial using the four-pronged test in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182 (1972). In *Barker*, the Court established four factors to be weighed in reaching that determination: (1) length of delay, (2) reason for the delay, (3) accused's assertion of the speedy trial right, and (4) prejudice to the accused. *Hall*, 984 So. 2d at 282 (citations omitted). These factors must be considered together, and no single factor is determinative.

## Length of Delay

If the delay in initiating a trial reaches a certain length, it becomes presumptively prejudicial – and acts as a trigger for review of the other factors. *Id*. at 530. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay is

necessarily dependent upon the peculiar circumstances of the case." *Id.* "The relevant period of delay

is that following accusation, either arrest or indictment, whichever occurs first." *Robinson v. Whitley*,

2 F.3d 562, 568 (5th Cir. 1993), *citing Dillingham v. United States*, 423 U.S. 64, 96 S.Ct. 303, 46

L.Ed.2d 205 (1975). In the Fifth Circuit, a one-year delay is recognized as "presumptively

prejudicial." *Id.*, citing *Nelson v. Hargett*, 989 F.2d 847, 851 (5th Cir. 1993). In Mississippi, the

Supreme Court has generally held that a delay of eight months or longer is presumptively prejudicial."

*See State v. Woodall*, 801 S0.2d 678, 682 (Miss. 2001), *citing Smith v. State*, 550 So.2d 406, 408

(Miss. 1989). The robberies in this case occurred on May 21, 2006, and a warrant was served on

Conner on May 23, 2006. S.C.R. Vol. 1, pp. 3-6. On August 24, 2006, the trial court entered a

scheduling order establishing discovery deadlines and setting the trial for November 27, 2006. *Id.* at

p. 25. Conner had his initial appearance on August 26, 2006. *Id.* at p. 9. Therefore, the trial was

initially set to be held within six months of Conner's arrest. However, defense counsel twice

requested continuances, and Conner's trial did not begin until May 21, 2007, two days shy of one year

after his arrest. As such, the length of delay was presumptively prejudicial, at least under state law.

The remaining factors do not, however, weigh in Conner's favor.

**Reason for Delay**

The trial was originally set for November 27, 2006. Conner's counsel sought a continuance

for additional time to prepare; that request was granted on December 4, 2006, and the trial was reset to

February 20, 2007. *Id.* at p. 40. A second Order was filed on February 26, 2007, continuing the trial

until February 28, 2007, for good cause shown. *Id.* at p. 46. Finally, on February 27, 2007, Conner's

counsel sought additional time to prepare his defense, and the court ordered a third continuance,

setting trial for for May 21, 2007. *Id.* at p. 47. The record reflects that motion hearings and jury

selection in Conner's trial began on May 21, 2007. Therefore, any and all delay of the trial in this matter, with the exception of a continuance of six days, which was granted for good cause, was a result of the motions for continuance filed by petitioner's counsel. This factor weighs against Conner.

### Defendant's Invocation of the Right

The third consideration under *Barker* is whether the defendant effectively invoked his right to a speedy trial. Conner never requested a speedy trial, either *pro se* or through counsel. Instead, Conner, through counsel, filed two motions for continuance for additional time to prepare. This factor also weighs against Conner.

### Prejudice to the Defendant

The final factor is prejudice to the accused. The right to a speedy trial protects the following interests of a defendant: (1) preventing oppressive pretrial incarceration, (2) minimizing the defendant's anxiety and concern, and (3) limiting impairment of the defense. *Barker*, 407 U.S. at 532. "[T]he most serious" of these is the last, "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* Conner has not, however, alleged that he has suffered any prejudice as a result of this delay between his arrest and this trial, and the court finds no such evidence in the record. As such, this factor favors the State.

All *Barker* factors, save the length of the delay, weigh against Conner. Therefore, he has not shown that he was deprived of his constitutional right to a speedy trial. The Mississippi Supreme Court's decision during post-conviction collateral relief proceedings was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Additionally, the decision was not based on an unreasonable determination of the facts in light of the evidence. Therefore, Conner's request for *habeas corpus* relief in Ground

Fourteen will be denied.

## Ground 15:  Double Jeopardy

In Ground Fifteen, Conner claims that the State subjected him to double jeopardy where he
was "indicted, prosecuted and found guilty of multiple offenses which allegedly occurred at the same
time and which required the same evidence."  Conner was indicted and tried for two counts of armed
robbery.  The constitutionality of charging a defendant with multiple offenses must be determined by
the test set forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, 309
(1932), which states: "The applicable rule is where the same act or transaction constitutes a violation
of two distinct statutory provisions, the test to be applied to determine whether there are two offenses
or only one is whether each provision requires proof of an additional fact which the other does not."
*See also United States v. Parker,* 960 F.2d 498 (5th Cir. 1992).  To sustain a claim that the State
violated the prohibition against double jeopardy, a defendant must show that the two offenses charged
are the same – in law and in fact.   *United States v. Linetsky,* 533 F.2d 192, 197 (5th Cir. 1976).  In this
case, though the crimes charged had the same *elements under the law*, each crime charged in the
indictment required *proof of a fact* that the other did not, as there were two separate victims in this
case.

> Of course, even if the crimes charged in . . . [the] prosecution do not each present a
> separate element, that does not invariably mean that they present the same offense.
> The facts sustaining the elements may have been different, producing different
> offenses, *as where the defendant in the same criminal episode commits the same crime
> against different victims* or on separate occasions commits the same crime against the
> same victim.

Wayne R. LaFave, et al., *Criminal Procedure* § 19.2(b) (3d ed.) (emphasis added).  Each victim
worked at the store on the day of the robbery, operated a cash register, gave money to Conner during
the robbery, saw Conner pointed the gun at her, and thus experienced fear of immediate injury to her

person.  As such, the State did not violate Conner's right to be free from double jeopardy, and the state court's decision rejecting this claim was neither contrary to nor an unreasonable application of clearly established federal law.  As such, his  claim in Ground 15 of the instant petition for a writ of *habeas corpus* will be denied.

### Grounds 7 and 21:  Cumulative Error

In Grounds Seven and Twenty-One, Conner alleges that the State denied his rights to due process and effective assistance of counsel based on cumulative error.  Cumulative error can be an independent basis for *habeas corpus* relief where "(1) the individual errors involved matters of constitutional dimensions rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'"  *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996) (*citing Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992)).  In evaluating a claim of cumulative error, meritless claims or claims that are not prejudicial cannot be aggregated, no matter the total number raised.  *Derden*, 978 F.2d at 1461.  *See also United States v. Nine Million Forty One Thousand Five Hundred Ninety Eight Dollars and Sixty Eight Cents*, 163 F.3d 238, 250 (5th Cir. 1998).  As set forth above, none of Conner's claims has merit; as such there is basis upon which to warrant relief.  "Ineffective assistance of counsel claims cannot be created from the accumulation of acceptable decisions and actions." *U.S. v. Hall,* 455 F.3d 508, 520 (5th Cir. 2006).  Conner has therefore failed to prove that the state court's decision regarding his claim in Grounds Seven and Twenty-One (that cumulative error caused prejudice to his defense) was contrary to or an unreasonable application of clearly established federal law.  As such, these claims will be denied.

**Conclusion**

In sum, all of the claims in the instant petition for a writ of *habeas corpus* are without merit and will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 20th day of August, 2014.

 **/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**